UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JESSICA LYNN GARCIA, INDIVIDUALLY AND FOR THE BENEFIT OF ALL WRONGFUL DEATH BENEFICIARIES AND AS A REPRESENTATIVE OF THE ESTATE OF SUSAN VANESSA ESPARZA DECEASED, AND MARIA GRACIELA OVALLE;  §§§§§§§§§§ *Plaintiff*,  §§ v.  §§ HOVEROUND CORPORATION, CURTISS-WRIGHT CORPORATION, CURTISS-WRIGHT CONTROLS INTEGRATED SENSING, INC., §§§§§ *Defendants*. | Civil Action No. SA-22-CV-00911-XR |

**ORDER**

On this date, the Court considered Defendant Curtiss-Wright Controls Integrated Sensing, Inc's motion to dismiss (ECF. No. 21), Plaintiffs' response (ECF No. 25), and Defendant's reply (ECF No. 30). After careful consideration, the Court issues the following order.

**BACKGROUND**[1]

Plaintiffs are Jessica Garcia ("Garcia"), the surviving daughter of decedent Susan Esparza ("Decedent"), who brings this lawsuit in her individual capacity and in a representative capacity on behalf of all wrongful death beneficiaries of Decedent and as Representative of Decedent's estate, and Maria Ovalle ("Ovalle") (collectively, "Plaintiffs").

---

[1] The facts in this section are based on the allegations in Plaintiffs' first amended complaint, ECF No. 9, which the Court accepts as true for purposes of the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

1

At some point prior to July 15, 2020, Decedent purchased a "Hoveround power wheelchair to assist with her mobility" due to injuries sustained from a debilitating fall. ECF No. 9 ¶¶ 13–14. On July 15, 2020, Plaintiff Ovalle's home, where Decedent was living, caught fire. *Id.* ¶ 14. Notably, the fire originated in the southwest corner of the living room—exactly where Decedent had parked her Hoveround (though it was not in use or plugged into an outlet)—and where Decedent was believed to have been sitting on the sofa at the time the fire began. *Id.* ¶¶ 16–17. Decedent was eventually discovered "between the sofa and the Hoveround . . . and dragged . . . out of the home" by a neighbor. *Id.* ¶ 19.

Shortly thereafter, Emergency Medical Services ("EMS") transported Decedent to Brook Army Medical Center for treatment. *Id.* ¶ 20. EMS discovered severe burns covering most of her body, including "her head, neck, mouth and airway, torso, buttocks, and legs." *Id.* Three days later, she died of her injuries. *Id.* ¶ 22. A subsequent investigation by the fire marshal determined that the Hoveround wheelchair, or a component part therefrom, was "the primary contributor to the ignition of the fire." *Id.* ¶ 23 (internal quotation marks omitted).

On July 15, 2022, Plaintiffs filed the instant lawsuit in the 81st/218th Judicial District Court of Frio County, Texas, asserting several causes of action against Defendants Hoveround Corporation ("Hoveround") and Curtiss-Wright Corporation ("Curtiss-Wright"). ECF No. 1-2. On August 19, 2022, Hoveround removed this case. ECF No. 1 at 2–3. On September 12, 2022, Curtiss-Wright answered, arguing Plaintiffs incorrectly sued it. ECF No. 7 ¶ 112. On October 3, 2022, Plaintiffs amended their complaint, adding Curtiss-Wright Controls Integrated Sensing, Inc. ("Curtiss-Wright Controls")—a wholly owned subsidiary of Curtiss-Wright—as a Defendant. ECF No. 9. In response, Curtiss-Wright Controls filed the present motion to dismiss. ECF No. 21.

In its motion, Curtiss-Wright Controls makes two main arguments. First, it contends that Plaintiffs' claims are barred by "Texas'[s] two-year statute of limitations" and cannot be revived by Rule 15's relation-back doctrine or its Texas analog. *Id.* ¶ 5. Second, it argues that Plaintiffs failed to serve it within the period required by Rule 4(m), which "serve[s] as an independent basis for dismissal." *Id.* ¶¶ 4, 15.

In response, Plaintiffs argue that the statute of limitations should be equitably tolled under Texas law because Curtiss-Wright Controls, while a separate legal entity, is sufficiently related to Curtiss-Wright to furnish notice and eliminate prejudice. ECF No. 25 ¶¶ 19–20. And, even if equitable tolling does not apply, Plaintiffs contend that their claims relate back under Rule 15(c)(1)(C). *Id.* ¶¶ 28–29. Plaintiffs also argue that they properly served Curtiss-Wright Controls under Rule 4(m) because the "period starts to run upon removal" rather than the original filing. *Id.* ¶¶ 30–31. Finally, even if the claims do not relate back, Plaintiffs aver that a four-year statute of limitations governs their breach of warranty claim, and Decedent's survival claim was tolled for one year after her death. *Id.* ¶¶ 14–15, 16–17.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

**II.   Analysis**

Under Rule 12(b)(6), "[a]n otherwise plausible claim may also be doomed by a procedural impediment, like a statute of limitations or similar bar." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 506 (5th Cir. 2021) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003)). Whether Plaintiffs' claims are time-barred, however, may turn on which relation-back doctrine applies. *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014). On this point, the parties

inexplicably apply both state and federal procedural law. ECF Nos. 21 ¶ 5; 30 ¶ 12. As such, the Court first determines the applicable law.

### A.     The Federal Rules of Civil Procedure Govern

The Federal Rules of Civil Procedure apply "to a civil action after it is removed from a state court." FED. R. CIV. P. 81(C)(1). However, the Rules "do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal to federal court." *Taylor*, 744 F.3d at 946 (collecting cases). Accordingly, the Court must look to "state rules to determine the implications of events that occurred while a case was pending in state court prior to removal." *Id.* at 947 (collecting cases). "Put into context, the Texas relation-back statute applies when a plaintiff amends a complaint in state court; but Rule 15(c) applies when a plaintiff amends a complaint after the case is removed to federal court." *Carrillo Rivera v. Manpowergroup US, Inc.*, 19-CV-00299, 2020 WL 5913832, at *5 (W.D. Tex. Oct. 6, 2020) (citing *Edwards v. Am. Healthways Servs., LLC*, 14-CV-588, 2014 WL 7372955, at *5 (W.D. Tex. Oct. 29, 2014)); *see Wright v. Dollar Tree Stores, Inc.*, 14-CV-01472, 2014 WL 11456816, at *2 (N.D. Tex. Sept. 16, 2014) ("The critical fact . . . was thus which court the case was pending before when the plaintiff sought to amend the complaint.").

Here, Plaintiffs amended their complaint *after* removal. See ECF No. 9.[2] Therefore, whether Plaintiffs' claims against Curtiss-Wright Controls relate back to the original complaint is determined by Rule 15(c).

---

[2] Curtis-Wright Controls erroneously relies on *O'Carolan v. Puryear*, 70 F. App'x 751, 751–52 (5th Cir. 2003), for the proposition that Texas's relation-back statute governs. ECF No. 21 ¶ 8. This case is inapposite because the plaintiff's claims were timed-barred from the moment they were filed in state court. Here, the relevant event—adding Curtis-Wright Controls as a party—occurred *after* removal.

### B. Plaintiffs' Claims Relate Back to the Original Complaint

"Rule 15(c) . . . governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). If "the amendment changes the party or the naming of the party against whom a claim is asserted," it triggers Rule 15(c)(1)(C), which contains several requirements. *Id*. at 547.

First, the amendment relates back if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(C)(1)(B). Wisely, Curtiss-Wright Controls does not contest this element. Plaintiffs' amended complaint is substantially identical to the original. It merely reflects the addition of Curtiss-Wright Controls. *Compare* ECF No. 1-2, *with* ECF No. 9. Thus, the amendment satisfies this element.

Second, the amendment will only relate back if, "within the period provided by Rule 4(m)," the added party:

  (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
  (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C). The parties disagree about the application of these elements. Curtiss-Wright Controls argues that the Rule 4(m) period began when the original complaint was filed in state court. *See* ECF Nos. 21 ¶¶ 4–5; 30 ¶ 14. Plaintiffs contend that it began upon removal and reset following the amended complaint. ECF No. 25 ¶¶ 30–34. The Court agrees with Curtiss-Wright Controls.

Rule 4(m) requires a defendant to be served "within 90 days after the complaint is filed." In most cases, this "period starts to run upon removal to the federal district court, not the date the

6

action was originated in state court." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (4th ed. 2022). But applying this principle in the context of Rule 15(c)(1)(C) is less clear.

While the Fifth Circuit has not directly addressed this question, several circuits have, concluding that—for the purposes of Rule 15(c)(1)(C)—the Rule 4(m) period begins when the *original* complaint is filed in state or federal court.[3] Other district courts agree. *See, e.g.*, *Goss v. Bureau Veritas N. Am., Inc.*, 21-CV-02574, 2022 WL 444477, at *4–*5 (S.D. Tex. Feb. 14, 2022). And common sense demands the same conclusion. Because a notice of removal may be filed up to a year after an action's commencement, *see* 28 U.S.C. § 1446(c)(1), resetting the clock upon removal would allow relation-back long after claims are time-barred. As "[n]otice is the critical element involved in Rule 15(c) determinations," such a broad reading makes little sense. *Flores v. Cameron Cnty., Tex.*, 92 F.3d 258, 273 (5th Cir. 1996) (quoting *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968)) (internal quotation marks omitted). The Court concludes, therefore, that the Rule 4(m) period began on July 15, 2022, the date that the petition was filed in state court, and ended on October 13, 2022. Thus, before October 13, 2022, Curtiss-Wright Controls must have: (1) received notice of the action; and (2) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C).

---

[3] *See Lee v. Airgas-Mid S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) ("Rule 15(c)(1)(C) looks to the Rule 4(m) period for serving the *original* complaint.") (citations omitted); *Mendez v. Jarden Corp.*, 503 F. App'x 930, 937 (11th Cir. 2013) (measuring the Rule 4(m) period from the time the *original* complaint was filed in state court); *Garvin v. City of Philadelphia*, 354 F.3d 215, 2020 (3d Cir. 2003) ("The parties to be brought in by amendment must have received notice of the institution of the action within 120 days following the filing of the action . . . ."); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995) ("[A]n amended complaint relates back to the original if the second and third criteria are fulfilled within 120 days of the filing of the *original* complaint . . . .") (emphasis added).

### i. Curtiss-Wright Controls Received Timely Notice

Under Rule 15(c)(1)(C)(i), an amendment relates back to the date of the original complaint if the new party has "received such notice of the action that it will not be prejudiced in defending on the merits." Because Curtiss-Wright Controls was served on October 19, 2022—after the Rule 4(m) period expired—Plaintiffs' primary theory is without merit. *See* ECF No. 25 ¶¶ 30–34.[4] But they also contend that Curtiss-Wright Controls received notice because it "share[s] the same registered agent, national counsel, and instant counsel" with Curtiss-Wright, who was timely sued and noticed. *Id.* ¶¶ 28–29. In response, Curtiss-Wright Controls argues that "notice to one is [not] notice to all" because it is a distinct legal entity. ECF No. 30 ¶¶ 9–12. The Court agrees with Plaintiffs.

The Court "will infer notice if there is an identity of interest between the original defendant and the defendant sought to be added or substituted." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (first citing *Moore v. Long*, 924 F.2d 586, 588 (5th Cir. 1991); and then citing *Kirk v. Cronvich*, 629 F.2d 404, 407–08 (5th Cir. 1980)). An "[i]dentity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* (quoting *Kirk*, 629 F.2d at 408 n.4). Importantly, "notice may be imputed to the new party through shared counsel." *Id.* (first citing *Barkins v. Int'l Inns, Inc.*, 825 F.2d 905, 907 (5th Cir. 1987); and then citing *Hendrix v. Mem'l Hosp. of Galveston Cnty.*, 776 F.2d 1255, 1257–58 (5th Cir. 1985)); *see also Goss*, 2022 WL 444477, at *4 (inferring an identity of interest because the entities were "part of the same corporate structure" and "share[d] counsel").

---

[4] Plaintiffs argue that the Rule 4(m) period began upon removal and restarted after amendment. While this is true for perfecting service after removal and serving newly added parties, 4B WRIGHT & MILLER, *supra*, § 1137, as explained above, the same is not true with respect to Rule 15(c)(1)(C).

Here, Curtiss-Wright Controls is a "wholly owned subsidiary" of Curtiss-Wright, confirming a mutual corporate identity. Hr'g Tr. at 4:6. Further, the entities share counsel, one of whom identified Plaintiffs' mistake long before the Rule 4(m) period lapsed. ECF No. 25-2. At that time, counsel was already preparing to file "an Answer on behalf of the correct entity." *Id.* Thus, shared counsel had notice of this action, which "may be imputed to the new party." *Jacobsen*, 133 F.3d at 320. The Court concludes, therefore, that Curtiss-Wright Controls had timely notice of the suit.[5]

### ii. Curtiss-Wright Controls Knew It Was the Correct Party

Under Rule 15(c)(1)(C)(ii), an amendment only relates back if the added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Curtiss-Wright Controls makes no argument hereto. Rather, it hangs its hat on its distinct legal status. ECF Nos. 21 ¶¶ 2–3, 7, 9–10; 30 ¶¶ 9–11. Plaintiffs aver that they mistakenly sued Curtiss-Wright, believing it was the correct party. Hr'g Tr. at 5:16–24. And they contend Curtiss-Wright Controls—through shared counsel's admission—knew of their mistake within the required period. *See id.* at 5:25–6:5; ECF Nos. 25 ¶¶ 23–24, 28–29; 25-2. The Court agrees with Plaintiffs.

The only relevant question is whether Curtiss-Wright Controls knew or should have known that it was the proper party before the Rule 4(m) period lapsed. *See Krupski*, 560 U.S. at 548. On September 1, 2022, more than a month before the 4(m) period ended, shared counsel for Curtiss-Wright and Curtiss-Wright Controls recognized Plaintiffs' mistake and admitted to knowing the action should have been brought against Curtiss-Wright Controls. *See* ECF No. 25-2 at 2 ("Please

---

[5] Curtiss-Wright Controls also argues that allowing amendment would be prejudicial because "[t]he passage of time has already potentially compromised witness memories and the status of remaining evidence." ECF No. 30 ¶ 15. But shared counsel—with whom knowledge is imputed—had notice long before Curtiss-Wright Controls was brought in by amendment and was preparing to file an answer. Thus, any prejudice is ameliorated.

be advised the correct entity for the manufacturer of the wheelchair controller is Curtiss Wright Controls Integrated Sensing, Inc. We ask that you kindly amend the Complaint accordingly so we may arrange for an Answer on behalf of the correct entity."). Because this knowledge is imputed, *Jacobsen*, 133 F.3d at 320, Curtiss-Wright Controls "knew . . . that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C)(ii). Therefore, the motion to dismiss under Rule 12(b)(6) is **DENIED**.

    C.    **Plaintiffs Timely Served Curtiss-Wright Controls**

Finally, Curtiss-Wright Controls argues that Plaintiffs failed to serve it within the period required by Rule 4(m), warranting independent dismissal under Rule 12(b)(5).[6] But "adding a new party through an amended complaint initiates a new timetable for service upon the added defendant." 4B WRIGHT & MILLER, *supra*, § 1137. Curtiss-Wright Controls cedes as much by abandoning this argument in its reply. *See generally* ECF No. 30. Accordingly, the motion to dismiss under Rule 12(b)(5) is **DENIED**.[7]

## CONCLUSION

For the foregoing reasons, Curtiss-Wright Controls' motion to dismiss (ECF No. 21) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 13th day of February, 2023.

---

[6] For support, Curtiss-Wright Controls mistakenly relies on *Waters v. City of Hearne*, 629 F. App'x 606 (5th Cir. 2015). There, the Fifth Circuit affirmed the district court's dismissal because Waters failed to serve Jane Doe for several months *after* amendment. *Id.* at 609. Here, Plaintiffs amended their complaint on October 3, 2022, and effectuated service on October 19, 2022. This is consistent with Rule 4(m).

[7] Because the Court finds that the claims relate back to the timely filed petition, it declines to reach Plaintiffs' contentions regarding alternate statutes of limitations and methods of tolling.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE